81,484-01,02

RAYMOND KEITH WALLS
TDC No. 01828261
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

15 March 2015

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P. O. Box 12308, Capitol Station
Austin, Texas 78711

    Re: WR-81,484-01 & WR-81,484-02


Dear Mr. Acosta, Clerk:

    Enclosed please find the original copy of Applicant's Objection to appointed Counsel's Motion to withdraw and Brief in support.

    Thank you for your time adn consideration in this matter.



Sincerely,

RAYMOND K. WALLS


files
cc; Other
enclosures

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 23 2015

Abel Acosta, Clerk

EXPARTE                          §    IN THE 102th DISTRICT COURT

RAYMOND KEITH WALLS              §    OF

APPLICANT                        §    RED RIVER COUNTY, TEXAS

### APPLICANT'S OBJECTION TO APPOINTED COUNSEL'S
### MOTION TO WITHDRAW AND BRIEF IN SUPPORT

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

On April 28, 2014, Applicant filed his Pro Se App-
lication for writ of Habeas Corpus seeking Relief fron Final
conviction under Texas Code of Criminal Procedure Article
11.07. On August 20, 2014, This Appeal Court **ordered** the
District Court and Defense counsel to make the following
findings:

> The trial court shall make findings of fact as to
> whether the enhancement paragraphs alleging a prior
> conviction in McCurtain County, Oklahoma Cause Number
> CF-2003-497 was final conviction capable of enhancing
> the applicable range of punishment. The trial court
> shall make findings of fact as to whether the per-
> formance of Applicant's trial attorney was deficient
> aad if so, whether counsel's deficient performance
> prejudiced Applicant. The trial court shall also make
> any other findings of fact and conclusion of law
> that it deems relevant and appropriate to the dis-
> position of Applicant's claim for habeas corpus relief.

On September 18, 2014, the Honorable Bobby Lockhart
appointed attorney Jason Horton to review Applicant's filing
and provide legal research and analysis in response to the
Court of Criminal Appeals' August 20, 2014 Order.

-1-

*APPLICANT'S GROUND ONE:* "Counsel was ineffective by failing to object to the attestation for the "Out of State" document was not accompanied by 'another certificate' that the attesting officer had legal custody of the record."

*OBJECTION TO COUNSEL'S RESPONSE:* Applicant contend that Mr. Horton, the appointed counsel's Response admitted bits and pieces as he correctly recognized Applicant's claims that Kevin Moore's certification DID NOT render the pen pack self-authenticating because the certification was not accompanied an officials seal or a certification by a Public officer indicating Mr. Moore had the officil capacity to certify the pen pack and that Mr. Moore's signature was genuine. See, Texas Rule of Evidence 902(1)&(2). Although the "top" of Mr. Moore's certification page indicates a seal was "attached". **This error made appointed counsel to traveled to the Red River County District Clerk's office and reviewed the exhibits submitted at trial and this exhibit DOES NOT contain the referenced seal or certification by a public officer indicating Mr. Moore had the official capacity to certify the pen pack or that Mr. Moore's signature was genuine.** See, page 4 of appointed Counsel's Motion to withdraw and Brief in support.

Applicant's Original Memorandum clearly reveals that 28 U.S.C.A. sec. "1738", State and Territorial Statutes and Judicial Proceedings; Full Faith and Credit. The acts of the Legislature of any State, Territory or possession of the United States, or copies thereof, shall be authenticated

-2-

by affixing, the seal of such state, Territory or possession thereto. The record and judicial proceedings of any court of any such State, Territory or Possession or copies thereof, shall be proved or admitted in other court within the United State and its Territories and Possession by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form. Such acts, record and judicial proceedings or copies thereof, so authenticated shall have the same full, faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of suchState, Territory or possession from which they are taken. *See, original memorandum at page "6".* In other word, the trial never had jurisdiction to receive such evidence. See, Ragland v. Cone, Tex.Civ. App. 188 S.W. 2d. 1098, no writ.

Mr. Horton is reliance on the "fingerprint" match to authenticate the entire penitentiary package, is misplaced. The fingerprint match goes to the "second category of proof", proving the defendant is the person previously be convicted, and fails to prove that the document in the pen pack are what the State asserts them to be. See, Cole v. State, 484 S.W. 2d. 779, 784 (Tex.Crim. App. 1972). The fingerprint are used as a means of insuring that the person on trial is the same one to whom the package refers. In the absence of any other proof that the document in the package are what the State claims, evidence of a valid and final conviction.

-3-

Trial Counsel did object to the introduction of the pen pack "on the basis of hearsay and lack of predicates"". (4 RR 11); Counsel was not "specific" in his objection as required by law.

While Appointed Counsel reliance on "**Reed v. State**" 811 S.W. 2d. 583. In <u>Reed</u>, the court concluded that language not similar to the above-referenced certification but perhaps as that Appellant argued that the copies of the judgment and sentence were inadmissible because, although they were certified bythe custodian of record at the TDCJID, they did not reflect a separate certification by the District clerk of the original convicting court in Dallas County.

Applicant's claim is total different from <u>Reed</u> as "**Bank v. State**" 158 S.W. 3d. 649 given the court a clear picture of applicant's claim. The document were not properly authenticated and should not have been admitted. See, **Bank** supra. Because the applicant find the pen pack should have been admitted and proof of a prior conviction for a reportable offense is an essential element of failing to register in violation of article 62.02, Tex. Code Crim. As the penitentiary pen pack was the only evidence the State relied upon to prove applicant was previously convicted of a reportable offense The improper admission affected applicant's substantial rights. 3 Tex. R. App. P. 44.2(b); See, **Bank,** supra at pg. 654. Cf. <u>King v. State</u>, 953 S.W. 2d. 266, 271 (Tex. Crim. App. 1997).

-4-

The record does not contain a certificate from a "Judge" in the County where the prison is located or from a Clerk of a court in that County. There is no "signature" nor "seal" by the "Secretary State of Oklahoma". there is nothing to indicate that the proper were were received from the legal custodian of the record in Oklahoma. The Oklahoma's pen pack were improperly considered by the Court in assessing Applicant's punishment. The "form" does not even have Applicant's name in it at all. See, Carpenter v. State, 781 S.W. 2d. 707.

Regardless or not if the Trial Counsel objected to the "hearsay or Predicates". The trial court committed reversible error in admitting into evidence a "pen package" from the State of Okalhoma reflecting Applicant's prior conviction for Burglary and attempt Burglary, since there was certificate by a judge of the court of record in which the record was kept certifying that attesting officer had legal custody of the asserted writting and there was no certificate from "secretary of State of Oklahoma" or any other appropriate official certifying as to attesting officer's position and to the fact that he had custody of the document as asserted in his certificate. Cortez v. State, 571 S.W. 2d. 308. See, Original writ with attachment.

-5-

APPLICANT'S GROUND TWO:   "Counsel was ineffective for failing to object to the trial court admitting into evidence a pen package not properly authenicated under Rule 902 of the Texas Rules of Evidence

See, Objection to Counsel's Response Ground One.

APPLICANT'S GROUND THREE "Applicant asserts tฐhat counsel's failure to discover that one prior conviction could not be used for enhancement..

OBJECTION TO COUNSEL'S RESPONSE;   Applicant claims that McCurtain County, Oklahoฺa cause Number CF-2003-497, could not be used for enhancement because Applicant was on Probation for that offense at the time he committed the instant offense. Applicant'a Oklahoma pen pack reflects that on April 16, 2004, Applicant received 23 years imprison- ment in CF-2003-497, "with all except the first Eight (8) years suspended under the custody and control of" the Oklahoma Department of correction.

In Texas, a prior felony conviction can be used for enhancement if the State shows that the defendant has previously been finally convicted of a felony other than a state jail felony. See, Tex. Penal Code Ann. § 12.42. While Mr. HOrton is reliance on "Louisiana conviction" where [State] proved Louisiana convictionwas final under [Louisian law] could be used for enhancement in [Texas]. Applicant's case is just the opposite, the [Texas Court] never proved Oklahoma's prior conviction was a final conviction under Oklahoma law, could be used for enhancement in [Texas]. See, Skiller v. State, 890 S.W. 2d. 849, 883 (Tex. App. Austin 1994, pet. re'f)

-6-

**APPLICANT'S GROUND FOUR:** "Applicant was denied the effective assistance of counsel on direct appeal, in violation of Anders v. California... when cousnel, in failing to raise the claims which applicant now seeking to raise, was permitted to withdraw after a non-advocatory brief."

**OBJECTION TO COUNSEL'S RESPONSE:**

Applicant's current grounds for review are supported by Texas precedent. Therefore, Applicant's appellate counsel was ineffective for failing to raise Applicant's current claims on direct appeal.

**APPLICANT'S GROUND FIVE:** "The Applicant is entitled to an evidentiary Hearing on these issues."

**OBJECTION TO COUNSEL'S RESPONSE:**

There are controverted, previously unresolved facts which are material to the legality of Applicant's confinement." Tex. Code of Criminal Proc § 11.07(d).

### PRAYER

FOR THE REASONS SET FORTH ABOVE, the undersigned respectfully requests that he be granted a remandéd and reverse.

Respectfully Submitted,

RAYMOND KEITH WALLS
TDC No. 01838261
William G. McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a ttrue and correct copy of the above and foregoing has been forwarded to the following listed persons this _16_ day of _MARCH_ , 2015, addressed as following:

Mr. Val Varley
Red River County District Attorney
400 N. Walnut Street
Clarksville, Texas 75426

_Raymond K Walls_
RAYMOND K. WALLS